**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| CIERRA SPELLER and DEMARCUS, WILLIAMSON, | ) ) | Case No. 4:22-cv-00007-SMR-SHL |
| | ) | **EXPEDITED RELIEF REQUESTED** |
| Plaintiffs, | ) ) | |
| vs. | ) | **DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S** |
| | ) | **BRIEF IN SUPPORT OF MOTION TO** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, et al., | ) ) | **STAY DISCOVERY PENDING ISSUANCE OF AN ORDER ON ITS** |
| | ) | **MOTION TO DISMISS** |
| Defendants. | ) | |

Pursuant to Fed. R. Civ. P. 6(b) and LR 7(i) and (j), Defendant Portfolio Recovery

Associates, LLC ("PRA") has moved the Court for an expedited order staying discovery pending

the Court's issuance of an order on PRA's Motion to Dismiss Amended Complaint (Docs. 16, 16-

1), which was filed on February 23, 2022.

**I.      PROCEDURAL HISTORY**

On January 6, 2022, Plaintiff DeMarcus Williamson ("Williamson") filed this action pro

se on behalf of Plaintiff Cierra Speller ("Speller") and himself (collectively "Plaintiffs").  In their

Complaint, Williamson asserted that he and Speller had a claim under the Fair Debt Collection

Practices Act ("FDCPA") based on a debt that PRA credit reported vis-à-vis Speller.  (Doc. 1.)

Williamson alleged that he was assigned Speller's claim and was also "Attorney-In-Fact pursuant

to Iowa Code title 15, Section 633B."  (Doc. 1 ¶ 4.)

On February 11, 2022, PRA moved to dismiss the Complaint, asserting that it failed as a

matter of law because Plaintiffs failed to plead a prima facie case under the FDCPA and that

Speller must be dismissed because either she does not own her claim or she is being represented

by an unlicensed attorney (i.e., Williamson).  (Docs. 9, 10.)  On February 16, 2022, in lieu of filing

a response to the Motion to Dismiss, Williamson filed an Amended Complaint on his and Speller's

behalf.  (Doc. 15.)  The Amended Complaint did not cure the Complaint's numerous shortcomings and, thus, on February 23, 2022, PRA moved to dismiss the Amended Complaint and Plaintiffs filed a Response (Doc. 17).

Two days before, on February 21, 2022, Williamson served PRA with Requests for Admission, Interrogatories, and Requests for Production of Documents on Plaintiffs' behalf.[1]  In light of PRA's Motion to Dismiss Amended Complaint, PRA's counsel emailed Williamson and counsel for Defendant Credit Bureau Services of Iowa, Inc. ("CBSI") and inquired if they would consent to stay discovery pending a ruling on the Motion to Dismiss.[2]  Williamson advised that he opposed the request, but counsel for CBSI advised that CBSI does not oppose the request if the stay would include all discovery, including discovery involving CBSI.[3]  Thus, PRA seeks to stay all discovery, including, but not limited to its deadline to respond to Plaintiffs' written discovery, pending this Court's ruling on its Motion to Dismiss Amended Complaint.

In accordance with LR 7(j), PRA states that its responses to Plaintiffs' written discovery are due on March 23, 2022 and that response deadline has not been previously continued or extended.[4]  The only other existing Court-imposed deadlines in this case are a telephonic scheduling conference on March 22, 2022 and a proposed scheduling order and discovery plan due on March 15, 2022.  (Doc. 14.)  Because no scheduling order and discovery plan has been entered, no final pretrial conference or trial dates have been set.

In light of the March 23, 2022 deadline to respond to Plaintiffs' written discovery, pursuant to LR 7(i), PRA requests expedited consideration of this Motion to Stay.

---

[1] Declaration of Joshua C. Dickinson ("Dickinson Decl.") in Support of Motion to Stay, attached as "**Exhibit 1**," ¶ 3.
[2] Dickinson Decl. ¶ 4.
[3] Dickinson Decl. ¶¶ 5-6.
[4] Dickinson Decl. ¶ 3.

OM 1023086.1

## II.    ARGUMENT

In the interests of judicial economy and to avoid undue burden on the parties and the Court, this Court should issue an order temporarily staying all discovery pending the Court's ruling on PRA's Motion to Dismiss Amended Complaint.  Of course, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for its litigants.  Landis v. North American Co., 299 U.S. 248, 254 (1936); see also United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970) (acknowledging that district courts have discretionary authority to stay a case when the interests of justice so require); Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981) ("it was not an abuse of discretion to rule on motion to dismiss prior to commencement of discovery").

A stay of discovery while the Court considers PRA's Motion to Dismiss Amended Complaint is appropriate, because the purpose of discovery "is not to assist a plaintiff in articulating a plausible claim in drafting the complaint, but rather to allow parties to determine whether evidence exists to support a stated claim."  Raineri Constr., LLC v. Taylor, No. 12-2297, 2015 WL 1526145, at *2 (E.D. Mo. Apr. 2, 2015).  Furthermore, the Eighth Circuit has held that "[d]iscovery should follow the filing of a well-pleaded complaint.  It is ***not*** a device to enable a plaintiff to make a case when [its] complaint has failed to state a claim."  Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir.1981) (emphasis added).

As demonstrated in PRA's Motion to Dismiss Amended Complaint, Plaintiffs' Amended Complaint should be dismissed because it fails to state a claim against PRA upon which relief may be granted.  Because the Court's ruling on PRA's Motion to Dismiss Amended Complaint may dispose of this action in its entirety with respect to PRA, responses to Plaintiffs' written discovery or any discovery in this case would be premature.  The time and resources that PRA would expend in drafting responses to Plaintiffs' written discovery will be rendered unnecessary if the Court

OM 1023086.1

finds that Plaintiffs' Amended Complaint should be dismissed.  Thus, a stay of discovery pending resolution of PRA's Motion to Dismiss Amended Complaint is proper.

Therefore, PRA respectfully requests that this Court exercise its discretion and temporarily stay all discovery pending the Court's ruling on the Motion to Dismiss, including, but not limited to the following:

(1) PRA's Response to Plaintiffs' First Set of Requests for Admission;

(2) PRA's Answers to Plaintiffs' First Set of Interrogatories; and

(3) PRA's Responses to Plaintiffs' Requests for Production of Documents.

In the event that the Court denies PRA's Motion to Dismiss Amended Complaint, PRA respectfully requests that it be allowed thirty (30) days from the date of the Court's order to respond to the foregoing discovery.

## III.    CONCLUSION

For the foregoing reasons, PRA requests that the Court grant its Motion to Stay Discovery, including, but not limited to the foregoing written discovery issued by Plaintiffs to PRA.

DATED this 10th day of March, 2022.

> PORTFOLIO RECOVERY ASSOCIATES,
> LLC, Defendant
>
> By: /s/ Joshua C. Dickinson
> Joshua C. Dickinson, AT0009512
> Spencer Fane LLP
> 13520 California Street, Suite 290
> Omaha, NE 68154
> Telephone: (402) 965-8600
> Fax: (402) 965-8601
> E-mail: jdickinson@spencerfane.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Southern District of Iowa, this 10th day of March, 2022, with notice of case activity generated and sent to counsel of record and a copy served on Demarcus Williamson, as Pro Se Plaintiff and as Attorney-in-Fact for Plaintiff Cierra Speller, via e-mail transmission and first class U.S. Mail, addressed to him as follows:

Demarcus Williamson, demarcus.williamson11@yahoo.com

Cierra Speller and Demarcus Williamson
c/o Demarcus Williamson
1173 Prairie View Drive, Apt. 73208
West Des Moines, IA 50266

                                    /s/ Joshua C. Dickinson

OM 1023086.1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| CIERRA SPELLER and DEMARCUS, WILLIAMSON, | ) ) ) | Case No. 4:22-cv-00007-SMR-SHL |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | **DECLARATION OF JOSHUA C. DICKINSON IN SUPPORT OF MOTION TO STAY DISCOVERY** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

I, Joshua C. Dickinson, declare as follows:

1.      I am over the age of 21 years and have personal knowledge of the facts to which I attest below.

2.      I am representing Defendant Portfolio Recovery Associates, LLC ("PRA") in the above-captioned matter. I am a Partner in the Spencer Fane LLP law firm.

3.      On February 21, 2022, Plaintiff DeMarcus Williamson served PRA with Requests for Admission, Interrogatories, and Requests for Production of Documents on his and Plaintiff Cierra Speller's behalf. The responses/answers to that written discovery are due on March 23, 2022. The response/answer deadline has not been previously continued or extended.

4.      On February 22, 2022, I emailed Plaintiff DeMarcus Williamson, Mike Frost and Cooper Walker (Frost and Walker are counsel for Defendant Credit Bureau Services of Iowa, Inc. ("CBSI")), and advised that my client intended to file a motion to stay all discovery pending my client's forthcoming refiled motion to dismiss and inquired if such a request would be opposed.

5.      On February 22, 2022, Mr. Walker advised that the request would not be opposed if the stay would include all discovery involving CBSI.

1

**EXHIBIT 1**

6.    On February 23, 2022, Mr. Williamson advised that he opposed the request.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

SIGNED IN OMAHA, NEBRASKA, THIS 10TH DAY OF MARCH, 2022.

<u>/s/ Joshua C. Dickinson</u>

2